IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| CARL STARR, | § | |
| Plaintiff, | § § § | |
| v. | § | EP-09-CV-353-KC |
| COUNTY OF EL PASO, TEXAS, | § § § | |
| Defendant. | § § | |

### ORDER

On this day, the Court considered Plaintiff's "Motion for Entry of Default Judgment Against County of El Paso Texas" ("Plaintiff's Motion for Default Judgment") (Doc. No. 13) and Plaintiff's "Motion for Clerk's Entry of Default Against County of El Paso Texas" ("Plaintiff's Motion for Clerk's Entry") (Doc. No. 14) (collectively, "Plaintiff's Motions"). The Court also considered "Defendant's Motion to Dismiss Under Fed. R. Civ. Pro. 12(b)(2), (4) and (5)," which was embedded in its Response to Plaintiff's Motions ("Defendant's Response and Motion to Dismiss") (Doc. No. 15). For the reasons set forth herein, all three motions are **DENIED**.

I.  BACKGROUND

On September 28, 2009, Plaintiff Carl Starr commenced this case by filing with the Court a Motion to Proceed *in forma pauperis* (Doc. No. 1). This was amended shortly thereafter, on September 30, 2009 (Doc. No. 2). On October 1, 2009, Magistrate Judge Richard P. Mesa granted Starr's request to proceed *in forma pauperis* (Doc. No. 4). This allowed Starr's "Civil Rights Lawsuit" ("Complaint") (Doc. No. 5) to be filed that day without payment of fees. Also on that day Magistrate Judge Mesa entered an "Order for Service of Process" (Doc. No. 6)

specifying that the District Clerk was to furnish the United States Marshal with a copy of the relevant documents, and that the Marshal was to serve these upon Defendant, with costs advanced by the United States. On October 5, 2009, the Marshal sent the documents to the El Paso County Attorney's Office by certified mail; documentation of this event was filed with the Court on October 30, 2009 ("Process Return") (Doc. No. 9).

No Answer or pre-Answer motions having been filed by the County, Starr moved for an entry of default and default judgment on November 24, 2009. *See generally* Pl.'s Mot.'s. The County filed a combined Response and Motion to Dismiss on December 8, 2009. One December 16, 2009, Starr filed a Reply (Doc. No. 17) to the County's combined filing. With leave of the Court, the County filed a Sur-Reply (Doc. No. 18) on December 17, 2009. Also with leave of the Court, Starr filed a Sur-Sur-Reply (Doc. No. 22) on January 4, 2010.

## II. DISCUSSION

### A. Standards

Personal jurisdiction is the power of a court to render a binding judgment as to a particular person or legal entity. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945). Defective service of process can cause a court to lack personal jurisdiction over a defendant. *See Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 393 (5th Cir. 2001); *see also Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649 (5th Cir. 1988). Federal courts disfavor default judgments, and the Fifth Circuit has instructed district courts to set them aside when it is revealed that the court rendering the default judgment lacked personal jurisdiction. *See Harper Macleod*, 260 F.3d at 393. This applies even when that lack of jurisdiction is caused by something as technical as defective service of process. *Id*.

### B. Deficient Service of Process on El Paso County

Starr moved for default judgment after the County did not, in his view, timely respond to his lawsuit. The County responded by arguing that Starr's service of process upon it was defective, which leaves the Court without personal jurisdiction over it at this point in time, and therefore no power to enter a binding default judgment. *See* Def.'s Resp. and Mot. to Dismiss 2-3. The County, in an effort to explain how the service of process was defective, points out that the Federal Rules of Civil Procedure require that when a local government entity is sued in federal court, process is to be served either on its chief executive officer or in any other manner authorized by state law. FED. R. CIV. P. 4(j)(2). The County goes on to state that when a Texas county is sued, state law authorizes service only upon the County Judge, who is also the chief executive. *See* TEX. CIV. PRAC. & REM. CODE § 17.024(a). Thus, service of process must be on the County Judge under either prong of Rule 4(j)(2). The County argues that because service of process in this case was sent to the office of the County Attorney instead of the County Judge, it was defective under Rule 4(j)(2). *See* Def.'s Resp. and Mot. to Dismiss 3; *see also* Process Return (reflecting the fact that service was addressed to the County Attorney, not the County Judge). Starr, for his part, notes that the County received actual notice of this lawsuit through the existing service of process, and argues that this should suffice for the purposes of personal jurisdiction. *See* Pl.'s Reply 1-2.

On the question of the adequacy of service of process, the County is correct, and Starr is therefore not entitled to default judgment against it. But at the same time, the County is also not entitled to the relief it requests; that is, dismissal of the instant case. Rather, in cases involving litigants who are indigent and appearing *pro se*, courts have held that defects in the service of

process on local government entities named as defendants should be cured by having the Marshal re-effect service of process on the correct county official. *See Amir-Sharif v. Valdez*, No. 3:06-CV-408 (N.D. Tex. Aug. 27, 2007). Once service of process is properly effected, the case may proceed on its merits.

**III.  CONCLUSION**

For the foregoing reasons, it is **ORDERED** that the Clerk shall re-issue the papers required for service of process and furnish them to the U.S. Marshal. *See* Order for Service of Process (describing particularly which papers are required). The Marshal shall then properly serve them upon the County by having them delivered to El Paso County Judge Anthony Cobos. All costs of service shall be advanced by the United States.

**SO ORDERED.**

**SIGNED** on this 4th day of February, 2010.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE